NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAODUAN GUO,

               Petitioner,

   v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No. 21-906

Agency No.
A215-668-277

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2023[**]

Before:     TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

Chaoduan Guo, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Guo's testimony and his sworn statement to border officials as to the basis of his asylum claim, inconsistencies between his testimony and application regarding the involvement of his cousin, and his demeanor. *See id.* at 1048 (adverse credibility determination reasonable under the totality of circumstances). Guo's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Guo's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of this disposition, we need not reach Guo's remaining contentions regarding the merits of his claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Guo's claim was based on the same evidence the agency found not credible, and Guo does not point to any other record evidence that compels the

conclusion that it is more likely than not he would be tortured in China.  *See*

*Farah*, 348 F.3d at 1157.

We do not consider the materials Guo references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**